# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Carmen Laureano Monge, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Fundacion Francisco Carvajal, Inc., et al., <br><br> Defendants. | Civil No. 17-1173 (SEC) |

## MEMORANDUM & ORDER

Pending before the Court is Supermercados Maximos, Inc.'s (Supermax) motion to dismiss the complaint as time barred. The motion is granted.

Plaintiffs originally filed this suit against Supermax and other defendants in state court. On November 3, 2015, Plaintiffs voluntarily moved to dismiss the case against Supermax. Inadvertently, the state court dismissed the entire case. Upon Plaintiffs' motion for reconsideration, the state court corrected the mistake and issued a judgment dismissing Supermax on January 27, 2016, which was ultimately notified to the parties on February 8, 2016.

In its motion, Supermax argues that Plaintiffs' voluntary dismissal triggered the one-year statute of limitations for the tort action at bar. See Article 1802. P.R. Laws Ann. tit 31, § 5298. Since the complaint was filed on February 6, 2017, well beyond this limit, Supermax argues it is time barred. Plaintiffs counter that the one-year period did not commence when they filed their voluntary dismissal, but rather when the state court notified the parties of the judgment dismissing

Supermax from the case. The issue, then, is whether the clock began to run when Plaintiffs filed their voluntary dismissal, or whether the clock waited until the state court issued its judgment. A cursory reading of the applicable law shows that this is not a close call; Supermax is right.

According to the Puerto Rico Supreme Court, "the institution of an action in court is commonly held not only to interrupt the running of the applicable statute of limitations but, at least in the event of a voluntary or usual non-prejudicial dismissal of the original action, to cause the entire limitations period to run anew from the date the previous action came to a definite end." López–González v. Mun. of Comerío, 404 F.3d 548 (1st Cir. 2005) (emphasis added); Article 1873 of the Puerto Rico Civil Code, P.R. Laws Ann. t. 31, § 5303. Further, an action comes to a "definite end" when, among other things, a plaintiff voluntarily dismisses its case as a matter of right. See Garcia Aponte et al. v. E.L.A. et al., 1994 WL 909243, P.R. Offic. Trans. 909, 243, (1994) ("[T]he filing of the notice of dismissal with the court puts an end to the litigation and, thus, is the date on which a new period of limitations begins to run."). "Subsequent events, such as the date on which the court renders judgment, files and serves notice of the same, or the date on which the judgment becomes final and unappealable, have nothing to do with the effectiveness of said expression of intent and are therefore totally irrelevant." Id. On this basis, it is clear that Plaintiffs' dismissal triggered the one-year period, making the present case time barred.

Plaintiffs, however, counter that García Aponte is distinguishable – more specifically, that the statutory basis for the decision in that case is inapplicable here. In García Aponte, the court grounded its holding on Rule 39.1(a)(1) of the Puerto Rico Rules of Civil Procedure. This rule allows a plaintiff to voluntarily

dismiss its action by filing a notice to that effect, provided that the notice is filed before the adverse party files an answer or a motion for summary judgment. P.R. Laws. Ann. T. 32 App. V, § 39.1(a)(1). If the latter condition is triggered – that is, there is an answer or a motion for summary judgment on the record – then the action may only be dismissed on terms that the Court deems proper. Id., § 39.1(b).

Plaintiffs argue that Rule 39.1(a)(1) is inapplicable because Supermax had made an "appearance" in the case, and so the dismissal was not effective until the state court issued its judgment under Rule 39.1(b). This argument is frivolous. For starters, Plaintiffs never argue that Supermax filed an answer or a motion for summary judgment. Indeed, their response never even mentions the words "answer" nor "motion for summary judgment." As such, Rule 39.1(a)(1) is applicable by its very terms. Furthermore, Plaintiffs present no supporting authority for the proposition that a party's "appearance" equates to filing an answer or motion for summary judgment for purposes of Rule 39.1, such that a defendant's appearance would force a plaintiff to seek court approval of the dismissal.[1] In short, although answers and motions for summary judgment may constitute "appearances," the opposite is never true. Plaintiffs' argument thus fails; the claim against Supermax is time barred, and judgment shall follow accordingly.[2]

The Court adds a coda. In their attempt to save their claim against Supermax from dismissal, Plaintiffs crossed a red line. They say that, in Agosto Ortiz v. Municipality of Rio Grande, the Supreme Court of Puerto Rico "held that

---

[1] It is worth noting that this rule is functionally and semantically identical to Federal Rule of Civil Procedure 41(a). At the federal level, the right of voluntary dismissal prior to answer or motion for summary judgment is considered absolute, and does not require the assent of the court or opposing parties. See e.g. Bailey v. Shell W. E&P, Inc., 609 F.3d 710, 719 (5th Cir. 2010). To accept Plaintiffs' position would make mincemeat of the statute.

[2] Should appeal be taken from this order, Plaintiffs' shall bear the burden of providing certified translations of the cases cited herein. See Local Rule 5.

when a plaintiff files for voluntary dismissal after the defendant appears, the applicable rule is Rule 39.1(b)." See ECF # 17 at ¶ 5 (citing Agosto Ortiz v. Municipality of Rio Grande, 143 D.P.R 174 (1997)) (emphasis added). If that were true, Plaintiffs would prevail. But a cursory reading of that case reveals that the court said no such thing. To the contrary, the court held that Rule 39.1(b) applied because the complaint had already been answered before the plaintiff sought dismissal. Agosto Ortiz, 143 D.P.R 174, 180 (1997) ("El desistimiento se realizó bajo el inciso (b) de ésta, ya que la demanda se había contestado antes de la solicitud de desistimiento …"). In fact, Agosto Ortiz distinguishes itself from García Aponte precisely because of that fact – the answer to the complaint shifted the applicable rule from 39.1(a) to 39.1(b). In doing so, the Supreme Court emphasized that the latter rule is the exception, to be used only if the former is not applicable by its terms. Id. at 180 ("El inciso (b) de la Regla 39.1, supra, contiene una norma de excepción que rige únicamente cuando no está presente alguna de las dos situaciones descritas en el inciso (a) de la Regla 39.1"). Therefore, Plaintiffs' argument is not only frivolous, it is misleading as well.

"It is disappointing to a trial judge who values the advocacy of officers of the court to find such a misleading assertion about the holding" of the Puerto Rico Supreme Court. Acushnet Co. v. Coaters Inc., 937 F. Supp. 988, 996 (D. Mass. 1996), aff'd sub nom. Acushnet Co. v. Mohasco Corp., 191 F.3d 69 (1st Cir. 1999). For this conduct, Counsel for Plaintiffs are hereby **ADMONISHED**, and are forewarned that the Court will examine their future briefs and filings with exacting scrutiny. **Furthermore, by May 30, 2017, Counsel for Plaintiffs shall show cause as to why they should not face monetary sanctions for such conduct.** See Fed. R. Civ. P. 11(c)(1) & (3); Rule 11(b)(2) (a motion filed by an attorney contains an implicit guarantee that "legal contentions are warranted by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2017.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge